# United States District Court
**for**
The District of Rhode Island

## Request for Modifying the Conditions of Supervision

**Name of Offender:** Thomas Kennedy **Case Number:** 1:04-CR-00109-01ML

**Name of Sentencing Judicial Officer:** Honorable Mary M. Lisi

**Date of Original Sentence:** February 25, 2005

**Original Offense:** Distribution of Unauthorized Electronic Devices

**Original Sentence:** Six months incarceration, three years supervised release and a $100 special assessment. As special conditions, the defendant shall serve the first six months of his supervised release in a community confinement program, and shall participate in a mental health and substance abuse treatment program as approved by the U.S. Probation Department.

**Type of Supervision:** Supervised Release **Date Supervision Commenced:** March 28, 2005

---

☐ To extend the term of supervision for ______ years, for a total term of ______ years.

☒ To modify the conditions of supervision as follows:

**The defendant shall serve three months in a Bureau of Prisons Contracted Community Facility, preferably at the Barnstable County Work Release Program in Barnstable, Massachusetts.**

**CAUSE**

Mr. Kennedy has failed to follow condition five of the term of his supervised release that require him to work regularly at a law occupation. Further, he has failed to follow condition three of his term of supervised release that requires him to follow the instructions of the probation officer.

Upon Mr. Kennedy's release from community confinement on September 30, 2005, he failed to seek out employment as he asserted that he was disabled. Mr. Kennedy advised USPO Borrelli that he had filed for Supplemental Security Disability Income and if he sought out any work, or was employed, he would not qualify for disability income.

On February 28, 2006, Mr. Kennedy signed a release of information allowing USPO Borrelli to contact his physician to verify that his medical doctor certified that he could not work.

On March 21, 2006, John N. Bergeron, MD, responded to USPO Borrelli's request indicating that Mr. Kennedy could perform duties that require him to sit for long and short periods of time; he could occasionally perform duties that require him to stand for long periods of time; and he could occasionally perform duties that require him to sit and stand intermittently between tasks.

On April 4, 2005, USPO Borrelli met with Mr. Kennedy at his home and advised him that he must seek out employment at a rate of four jobs per week based on the information provided by Dr. Bergeron. Mr. Kennedy argued

with his physician's assessment and advised that he would not seek out employment as directed. He indicated that this would "mess up his disability claim."

On April 11, 2006, Dr. Bergeron sent USPO Borrelli a letter that indicated that Mr. Kennedy felt he could not perform duties as reported by his physician. However, Dr. Bergeron did not provide any information in the letter that contradicted his March 21, 2006, evaluation of Mr. Kennedy.

On April 12, 2006, USPO Borrelli spoke to Mr. Kennedy's legal counsel, Mr. Garabedian, and he advised that he understood the expectations of the Court. Further, Mr. Garabedian asserted that he would direct Mr. Kennedy to seek out employment as directed by USPO Borrelli.

On April 13, 2006, Mr. Kennedy advised USPO Borrelli that he would seek out employment at a rate of four jobs per week until he secured employment.

On June 8, 2006, USPO Borrelli spoke with Mr. Kennedy as he failed to submit an employment application verification log that documented his efforts to seek out work as directed. He advised USPO Borrelli that he thought that he only had to do this for the month of April 2006. Mr. Kennedy was verbally admonished and directed to continue to seek out employment. Again, he argued that this would "mess up his disability claim."

On June 16, 2006, USPO Borrelli met with Mr. Kennedy and advised him to meet with his attorney as U.S. Probation would be seeking to modify his conditions of supervised release to include two months of community confinement at the Barnstable County Work Release Program in Barnstable, Massachusetts.

On July 3, 2006, Mr. Kennedy submitted his monthly supervision report with his employment application verification log. However, a review of this log revealed that he had not sought out employment at a rate of four jobs per day.

On July 6, 2006, Mr. Garabedian advised that Mr. Kennedy would not be signing the modification and he had advised him to secure employment.

Based on the foregoing, it is respectfully recommended that the Court issue a summons for Mr. Kennedy to appear for a hearing to modify his conditions of supervised release as indicated above.

**Reviewed and Approved by:**

Kurt E. O'Sullivan (signature)

**Kurt E. O'Sullivan**
**Supervising U.S. Probation Officer**

Date: 7/12/06

**Respectfully Submitted by:**

David S. Borrelli (signature)

**David S. Borrelli**
**U.S. Probation Officer**

Date: 7/12/06

## The Court Orders

- ☐ No Action
- ☑ A Summons Be Ordered For a Hearing to Modify the Conditions of Supervised Release

Mary M. Lisi (signature)

Honorable Mary M. Lisi
U.S. District Judge

July 14, 2006
Date